UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE, | No. 2:18-cv-0684 KJN P |
| Plaintiff, | |
| v. | ORDER |
| BUREAU OF PRISONS, et al., | |
| Defendants. | |

I. Introduction

Plaintiff, a federal prisoner proceeding pro se, filed a civil rights action under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. As discussed below, the undersigned orders that plaintiff's second claim in his amended complaint be severed and transferred to the District of Colorado, with a request that the court treat it as a civil rights complaint, along with a copy of plaintiff's request to proceed in forma pauperis, and his recent motion for injunctive relief.

II. Venue Standards

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions

1

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

III. Original Complaint

On March 29, 2018, plaintiff filed a complaint alleging that various officials with the Bureau of Prisons ("BOP"), including defendants located within this court's jurisdiction, violated plaintiff's rights to due process and wrongfully validated him as an Aryan Brotherhood gang member in retaliation for plaintiff filing federal complaints and administrative filings. As causes of action, plaintiff alleged failure to protect, intentional interference with access to the courts, and cruel and unusual punishment in violation of the Eighth Amendment. (ECF No. 1 at 6.)

IV. Amended Complaint

On May 14, 2018, plaintiff filed a first amended complaint as of right. Fed. R. Civ. P. 15. Plaintiff renewed his claim that his due process rights were violated by the alleged wrongful gang validation. But plaintiff also included a second, wholly unrelated claim, identified as "Claim II."[1] In this second claim, plaintiff alleges that defendants Inch, Director of the BOP, located in Washington, D.C., and Revell, Regional Director, North Central Region, BOP, located in Kansas City, Kansas, have developed and implemented a policy addressing the availability of over the counter medications available to indigent prisoners through the inmate store, and alleges the policy violates plaintiff's constitutional rights. Plaintiff also alleges that defendant Connors had a duty to correct the policy but failed to do so. (ECF No. 6 at 15.)

---

[1] A plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.

This policy is not related to plaintiff's gang validation status, and there are no factual allegations tying the second claim to any defendant located in Sacramento or in the jurisdiction of the Eastern District of California. The challenged policy was implemented at the Florence ADMAX U.S. Penitentiary in Florence, Colorado, where plaintiff is incarcerated, and the two defendants named in connection therewith reside in Washington, D.C., and Kansas City, Kansas. Therefore, plaintiff's second claim should have been filed in the United States District Court for Colorado. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Because the second claim can be severed from the amended complaint, the undersigned will sever plaintiff's second claim, and direct the Clerk of the Court to transfer only those portions relevant to plaintiff's second claim, including exhibits 9-11. (ECF No. 6 at 1-4; 13-15; 17; and 43-48.) [2]

Plaintiff's first and third claims will proceed in this action, and the undersigned will address such claims by separate order.

V. Motion for Emergency Injunctive Relief

In addition, on May 22, 2018, plaintiff filed an emergency motion for temporary restraining order and preliminary injunction, in which he explains how the alleged policy negatively impacts plaintiff's serious medical conditions, alleging that due to his indigency and how the policy is written, the policy impedes his ability to obtain:

1. An antihistamine for his asthma and allergies that helps him breathe;

2. The antacid Mylanta and Milk of Magnesia for his acid reflux disease which is worsened due to his gallbladder removal, and caused throat and esophageal bleeding and pain, and could cause loss of ability to talk, throat cancer, or death;

////

---

[2] In order to retain the pleading format, the court sends initial pages that include defendants named in connection with plaintiff's gang validation claim, as well as page 17 which retains plaintiff's requests for relief related to his gang validation claim, but bears plaintiff's signature, as required under Rule 11 of the Federal Rules of Civil Procedure. Nevertheless, only defendants Inch, Revell, and Connors are named in connection with plaintiff's second claim.

       3. Additional lotions for his severe skin condition caused by Hepatitis C (which causes skin cracks, bleeding, and infections, which are painful and cause scarring); and,

       4. Tolnaftate cream, which plaintiff needs for his severe athlete's feet, which causes his feet to crack, bleed, and become infected because the Clotrimazole cream is not working. (ECF No. 6 at 3.) Doctors have told plaintiff that he needs items 1 - 4, and health care providers told plaintiff the Clotrimazole was not working, and his medical records show Tolnaftate works. Plaintiff points out that the list of over the counter medications now available to indigent prisoners is "considerably shorter than medications available to inmates with funds." (ECF No. 7 at 4.) Plaintiff claims that defendant Inch has instructed BOP facilities nationwide not to order or provide any medications that are sold on over the counter/inmate store lists or indigent lists. In addition, plaintiff alleges that defendant Inch created a third inmate status, called "encumbered," which freezes an inmates' funds, making it unavailable for any reason, until the prisoner completely satisfies the debt to the BOP. Plaintiff states his inmate account has been frozen at $7.42 since 2014 (ECF No. 7 at 2), and he has been denied the medications needed for the above-listed conditions, causing them to worsen, and causing plaintiff to suffer needless pain (ECF No. 7 at 5). Plaintiff seeks injunctive relief requiring the BOP to consider all indigent prison trust accounts deemed encumbered for more than 20 days to be deemed available so that indigent prisoners may obtain required over the counter medications, or any other modified or additional relief the court deems necessary. (ECF No. 7 at 9.)

       Because plaintiff's motion for injunctive relief is related solely to plaintiff's second claim, which is being transferred to the District of Colorado, the Clerk of the Court is directed to send the motion (ECF No. 7) to the District of Colorado for such court to address in connection with plaintiff's second claim.

       In light of the pending emergency request, the undersigned requests that the District of Colorado file plaintiff's second claim as a civil rights complaint.

       Accordingly, IT IS HEREBY ORDERED that:

       1. Plaintiff's claim against defendants Inch, Revell, and Connors, is severed from plaintiff's amended complaint, and such claim, identified as "Claim II," is transferred to the

United States District Court for the District of Colorado; the undersigned requests that it be filed as a civil rights complaint;

2. The Clerk of the Court shall send the Clerk of the District of Colorado the following documents:

    a. Those portions of plaintiff's amended complaint relevant to his second claim, identified as "Claim II," which includes pages 1-4; 13-15; 17; and 43-48 from the amended complaint (ECF No. 6);

    b. Plaintiff's motion to proceed in forma pauperis (ECF No. 2); and

    c. Plaintiff's motion for temporary restraining order (ECF No. 7).

3. The Clerk of the Court shall terminate motion ECF No. 7.

Dated: May 24, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stin0684.21