UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKEAL GLENN STINE,

Plaintiff,

v.

BUREAU OF PRISONS, et al.,

Defendants.

No. 2:18-cv-0684 KJN P

ORDER

Plaintiff is a federal inmate, proceeding pro se, in an action brought under 28 U.S.C. § 1331. Plaintiff has filed to motions that the court appoint counsel.

Initially, the court notes that plaintiff repeats his claim that he needs to obtain witness affidavits from other inmates. However, plaintiff's motion for appointment of counsel were signed by plaintiff before the court issued its June 7, 2018 order in which the court addressed the witness affidavits. Plaintiff also claims that because this case involves serious medical claims, he will need to present a medical expert witness. However, the instant action is proceeding on plaintiff's claim that he was wrongfully validated as a gang member. Plaintiff's claim concerning access to medication was transferred to the District of Colorado and may not be re-pled in any amended complaint filed herein.

As to his request for counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298

1

(1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.  Because plaintiff has not yet filed an amended complaint, the undersigned is unable to ascertain the merits of his claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions for the appointment of counsel (ECF Nos. 14 and 15) are denied without prejudice.

Dated:  June 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

stin0684.31