UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0684 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner, proceeding pro se. Plaintiff filed a civil rights action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and is proceeding in forma pauperis. By order filed June 7, 2018, plaintiff's amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has now filed a second amended complaint.

Plaintiff alleges his due process rights were violated when defendants wrongfully validated him as a gang member because he "pissed off the regional director and director" by filing lawsuits. (ECF No. 1 at 4.) He alleges that John Doe, an unknown individual with the SIU/Sacramento office, wrongfully validated plaintiff as an Aryan Brotherhood gang member without notice or a hearing in violation of plaintiff's due process rights, and defendants Mitchell and Inch reviewed and approved the validation. Plaintiff's allegations state potentially cognizable

////

1

1 | due process claims as to defendants John Doe, Mitchell, and Inch based on their alleged involvement in the validation process.

Of course, unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Once plaintiff learn the identity of the "John Doe" he wishes to serve, he must promptly move to substitute and name the correct defendant, or move pursuant to Rule 15 to file an amended pleading to add the proper defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (affirming dismissal of Doe defendants where Brass did not even attempt to request leave to add new parties or amend the complaint).

Further, plaintiff alleges that defendant Revell agreed with the decision to validate plaintiff, but alleges no facts connecting defendant Revell with the validation process, by initiating, reviewing, or approving it. Liability under Bivens requires a showing of personal involvement. See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (in a Bivens action, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"). Simply agreeing with a validation decision is insufficient to demonstrate a constitutional violation. Plaintiff has had multiple opportunities to amend his pleading to state sufficient factual allegations as to defendants, and in the last order, the court provided detailed information as to the governing standards. Thus, the undersigned recommends that defendant Revell be dismissed from this action without leave to amend, but without prejudice.

The second amended complaint states potentially cognizable due process claims for relief against defendants Mitchell and Inch pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the second amended complaint are proven, plaintiff has a reasonable possibility of prevailing on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Mitchell and Inch.

2. The Clerk of the Court shall send plaintiff two USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed June 18, 2018.

////

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Three copies of the endorsed amended complaint filed June 18, 2018.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. The Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that defendant Revell be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 21, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/stin0684.1.amd

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BUREAU OF PRISONS, et al.,<br><br>　　　　　Defendants. | No. 2:18-cv-0684 KJN P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff hereby submits the following documents in compliance with the court's order

filed _____ :

　　　\_\_\_\_　　　completed summons form

　　　\_\_\_\_　　　completed USM-285 forms

　　　\_\_\_\_　　　copies of the _____
　　　　　　　　　　　　Amended Complaint

DATED:

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Plaintiff

1