UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>Defendants. | No. 2:18-cv-0684 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a federal prisoner housed in the Florence ADMAX U.S. Penitentiary ("ADMAX"), proceeding in forma pauperis and without counsel. Various matters are presently pending.

Plaintiff's Pleading

On June 21, 2018, the undersigned found that plaintiff's second amended complaint stated a potentially cognizable due process claim for relief against defendants Mitchell and Inch, but recommended that defendant Revell be dismissed from this action without prejudice. Plaintiff filed objections, stating that defendant Revell, Regional Director, was involved in the gang validation because she agreed with the decision, and if she had not agreed, plaintiff now claims he would not be validated as an Aryan Brotherhood ("AB") gang member. Since then, plaintiff has filed a motion for temporary restraining order, in which he concedes that on July 10, 2018, he was

////

1

downgraded to an AB associate, although he contends this label "mirrors membership-criteria" and is different in name only. (ECF No. 28 at 2.)

While not entirely clear, it appears such downgrade may moot plaintiff's claims, particularly if he is no longer validated as an AB gang member because plaintiff claims such gang validation causes his indefinite incarceration in ADMAX, a punitive facility which deprives him of various work and programming opportunities.[1] (ECF No. 18 at 5.) In any event, in light of his objections to the recommended dismissal of defendant Revell, as well as the possibility his claims may now be moot, the undersigned vacates the June 21, 2018 findings and recommendations and screening order, and grants plaintiff thirty days leave to file a third amended complaint that more clearly sets forth his allegations as to defendant Revell, as well as addresses the current status of his alleged gang validation.

Plaintiff is not granted leave to name new defendants or add new claims. In addition to defendant Revell, plaintiff's third amended complaint may name John Doe, an unknown individual with the SIU/Sacramento office, who allegedly wrongfully validated plaintiff as an Aryan Brotherhood gang member without notice or a hearing in violation of plaintiff's due process rights, and defendants Mitchell and Inch reviewed and approved the validation. Plaintiff is cautioned that he should include a brief recitation of his claim that he faces imminent danger, but he is not required to provide exhibits. The amended complaint should not exceed 10 pages.

Defendants' Motion for Reconsideration

In response to the order screening plaintiff's second amended complaint, defendants, by special appearance, filed a motion for reconsideration, asking the court to revoke plaintiff's in forma pauperis status, and objecting to the findings and recommendations. Defendants correctly point out that plaintiff has sustained three strikes under 28 U.S.C. § 1915(g), and argue that the complaint fails to make a plausible allegation that plaintiff is under imminent danger of serious

////

---

[1] In addition, plaintiff alleges that he would remain at ADMAX indefinitely or until transferred to a state facility. (ECF No. 18 at 3.) But in his recent motion for emergency injunctive relief, plaintiff claims he is being transferred to a federal penitentiary in Indiana, not a state facility. (ECF No. 28 at 2.)

2

physical injury.[2] Defendants also point to numerous other cases in which district courts have routinely rejected plaintiff's allegations of imminent danger of serious physical injury. (ECF No. 21 at 5.)

Although plaintiff did not reiterate his threats of imminent danger in his second amended complaint, he alleged in his original complaint that defendants knew plaintiff is not a current member of the AB, and that the AB has attacked, stabbed and tried to kill plaintiff. (ECF No. 1 at 5, 6-7.) Plaintiff further alleged that he was number one on the transfer list, and now that he is validated as an AB gang member, he would be transferred with AB members and associates, putting his safety at risk. (ECF No. 1 at 8.) Plaintiff contends the validation will ensure he remains incarcerated around and housed with AB members, placing plaintiff's safety in danger ("imminent danger"). (ECF No. 1 at 9.) In his first amended complaint, plaintiff declares that prison officials have told plaintiff that he was validated so they can transport and house plaintiff with other AB gang members who will kill him. (ECF No. 6 at 7.) Plaintiff reiterated his safety concerns when transported with other AB members, alleging "imminent danger." (ECF No. 6 at 8.)

In response to defendants' request to revoke plaintiff's in forma pauperis status, plaintiff argues that many of the cases cited by defendants were filed by other gang members so that plaintiff would accumulate strikes and make it impossible to gain assistance from federal courts.

---

[2] **Error! Main Document Only.** Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. The imminent danger "exception applies if the danger existed at the time the prisoner filed the complaint." Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007), citing United States v. Jackson, 480 F.3d 1014, 1018-19 (9th Cir. 2007). "[T]he issue [under § 1915(g)] is whether the complaint, as a whole, alleges imminent danger of serious physical injury." Andrews, 493 F.3d at 1053 (citation omitted).

(ECF No. 25 at 3.) Plaintiff argues that the exhibits appended to his first amended complaint demonstrate that he is under imminent danger. (Id.) Plaintiff points out that the United States Court of Appeals for the D.C. Circuit reversed the district court's finding that being housed in the ADMAX could not demonstrate a risk of imminent danger. Pinson v. United States Dept. of Justice, No. 14-5294 (D.C. Cir. 2014); see also Cuevas v. United States of America, No. 1:16-cv-0299 MSK KMT (Dist. Colorado March 19, 2018). (ECF No. 25 at 4.) In his accompanying declaration, plaintiff declares that: (1) he is not a member of the AB, the AB has ordered plaintiff be killed at the first opportunity, and plaintiff has been stabbed twice requiring hospitalization; (2) ADMAX staff mistakenly yet regularly open two or more doors, allowing inmate attacks; plaintiff has been attacked by AB members and associates no less than 10 times since 2008; (3) on June 27, 2018, staff threatened to allow AB's access to kill plaintiff unless he dismissed this case; (4) inmates are targeted by AB members and associates during transfer while on buses and planes; (5) AB members and associates have thrown urine, feces and other foreign substances at plaintiff while getting exercise that caused infected sores and almost caused him to lose an eye; and (6) AB and Mexican Mafia members cut recreation pens to attack, stab and kill inmates. (ECF No. 25 at 11-12.)

Further, plaintiff contends that the danger is imminent because the requested transfer to a state facility has been approved and could take place at any moment, reiterating the dangers his transport with other AB members poses. (ECF No. 25 at 5-6.)

Moreover, plaintiff submitted a kite from an inmate named "Woodstock," who warned plaintiff that "the A/B want[s] you dead bad." (ECF No. 26 at 4.) Plaintiff declares he was given this kite on March 15, 2018, six days before he signed his original complaint on March 21, 2018. (ECF No. 26 at 2.)[3]

On this current record, the undersigned finds plaintiff has demonstrated a risk of imminent danger, sufficient to deny defendants' motion for reconsideration at this time. However,

---

[3] On August 3, 2018, plaintiff filed a "supplement." (ECF No. 27.) However, Local Rule 230(l) contemplates the filing of a motion, an opposition and a reply. Plaintiff has filed an opposition and an exhibit. Plaintiff's supplement is improperly-filed, is redundant, and is disregarded.

depending on plaintiff's third amended complaint, as well as the resolution of plaintiff's motion for emergency injunctive relief, the denial of defendants' motion for reconsideration should be without prejudice to its renewal.

Motion for Emergency Temporary Restraining Order

On September 17, 2018, plaintiff filed an emergency motion, alleging that on or about August 24, 2018, the Bureau of Prisons submitted a transfer packet to Regional Director Revell and Chief O'Brien, requesting that plaintiff be transferred to the United States Penitentiary in Terre Haute, Indiana, with other members of the AB. (ECF No. 28 at 2.) Plaintiff reiterates that defendants are aware that the AB has ordered plaintiff killed on sight, and that the defendants validated plaintiff as a current member of the AB gang so that plaintiff can be attacked and killed. Plaintiff contends he is not permitted to obtain declarations from other inmates and therefore requests an evidentiary hearing by video conference. Plaintiff seeks the testimony of four staff witnesses, as well as ten inmate witnesses. (ECF No. 28 at 3.)

In light of plaintiff's allegation that he faces imminent danger, defendants are directed to file a response to plaintiff's motion within fourteen days. Defendants shall address the status of plaintiff's pending transfer, whether prison officials intend to transfer plaintiff with members or associates of the Aryan Brotherhood, and, if so, what steps will be taken to ensure plaintiff's safe transfer. In addition, defendants shall inform the court whether plaintiff is presently validated as an Aryan Brotherhood gang member or as an Aryan Brotherhood Associate. If plaintiff is identified as an Aryan Brotherhood Associate, defendants shall explain the difference between such identification and being validated as an Aryan Brotherhood gang member.

Motion for Court Order

Finally, plaintiff filed a motion that court orders be labeled "Legal mail/open only in front of inmate" because recent court mail was marked up with hostile comments by prison staff. Court filings are a matter of public record and therefore are not technically legal mail. Plaintiff's motion is denied without prejudice.

////

////

5

Conclusion

IT IS HEREBY ORDERED that:

1. The June 21, 2018 order and findings and recommendations are vacated;

2. Plaintiff is granted leave to file a third amended complaint; within thirty days from the date of this order, plaintiff shall file a third amended complaint that complies with this order; failure to file a third amended complaint may result in the dismissal of this action;

3. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner;

4. Counsel for defendants shall file a response to plaintiff's emergency motion (ECF No. 28) within fourteen days from the date of this order;

5. The Clerk of the Court shall serve a copy of this order on Edward A. Olsen, Assistant United States Attorney, 501 I Street, Suite 10-100, Sacramento, CA 95814;

6. Plaintiff's motion for court order (ECF No. 22) is denied; and

IT IS RECOMMENDED that defendants' motion for reconsideration seeking revocation of plaintiff's in forma pauperis status (ECF No. 21) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 19, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stin0684.57

6