UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKEAL GLENN STINE,<br><br>Plaintiff,<br><br>v.<br><br>BUREAU OF PRISONS, et al.,<br><br>Defendants. | No. 2:18-cv-0684 TLN KJN P<br><br><br><br>ORDER |

Introduction

Plaintiff is a federal prisoner, proceeding pro se. On October 18, 2018, plaintiff signed a document styled, "Voluntary Dismissal," in which he withdrew all pending motions as moot, and voluntarily dismissed this case. (ECF No. 38.) Therefore, on October 31, 2018, this action was dismissed. Fed. R. Civ. P. 41(a). On November 25, 2018, plaintiff signed a motion to withdraw his voluntary dismissal, claiming that ADX officials "advised" plaintiff "several things would be done," making it appear all issues were resolved and prompting plaintiff to file the voluntary dismissal. Upon arriving at Terre Haute, plaintiff spoke with staff and learned that "none of the things told to plaintiff are as stated and therefore none of the issues are resolved." (ECF No. 41 at 2.) Plaintiff seeks to withdraw the voluntary dismissal, as well as move forward on his motion for temporary restraining order. (Id.) Plaintiff also moves for a telephonic hearing. (ECF No. 43.) As set forth below, plaintiff's motions are denied without prejudice.

Motion to Withdraw Voluntary Dismissal

Initially, the undersigned notes that plaintiff may not simply "move forward" on motions he previously stated were resolved and were moot, and therefore were terminated by the court. Moreover, the imminent danger he alleged he would face during a transfer to Terre Haute, Indiana, no longer exists in light of his completed – and apparently uneventful -- transfer. Also, in light of plaintiff's transfer to Terre Haute, Indiana, any allegations concerning plaintiff's safety at his current housing are now outside this court's jurisdiction. Any such claims must be pursued in the United States District Court for the Southern District of Indiana or in an Indiana state court. Thus, plaintiff's prior motion for injunctive relief remains moot and should not be renewed.

On September 19, 2018, the court noted that plaintiff's due process claims based on his alleged wrongful validation as an Aryan Brotherhood ("AB") gang member may also be mooted by his concession that he was downgraded to an AB associate on July 10, 2018. Plaintiff was granted leave to file a third amended complaint renewing his due process claims against defendants Mitchell and Inch related to the 2017 gang validation claim, more clearly setting forth his allegations as to defendant Revell, and addressing the current status of his alleged gang validation. (ECF No. 29 at 5.)

On October 4, 2018, plaintiff filed his third amended complaint in which he now challenges the 2017 AB gang validation as well as a July 28, 2018 validation as an AB gang associate. (ECF No. 40-1.) However, plaintiff provides an exhibit that demonstrates plaintiff was declassified as an AB gang member on July 28, 2018, and was downgraded to AB associate. (ECF No. 40-1 at 12.) In the August 24, 2018 memo from Andre Matevousian, Complex Warden with the Federal Bureau of Prisons, requesting plaintiff's redesignation and transfer to Terre Haute, it was noted that "The Disruptive Group PSF is no longer applicable as the assignment of Disruptive Group – Aryan Brotherhood has been removed." (ECF No. 40-1 at 20.) Thus, plaintiff's request to have such gang validation removed is now moot.

As for his challenge to the 2018 reclassification, plaintiff identifies no specific due process violation in connection with the 2018 downgrade. Rather, plaintiff admits he was provided notice, and has filed appeals challenging such reclassification. (ECF No. 40-1 at 4.)

But even assuming, *arguendo*, plaintiff could state a cognizable due process claim as to the July 28, 2018 reclassification, he could not have exhausted administrative remedies prior to filing the instant action on March 29, 2018. The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires a prisoner challenging prison conditions to exhaust available administrative remedies <u>before</u> filing suit. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002); 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). Exhaustion is a precondition to suit; exhaustion during the pendency of the litigation is insufficient. <u>McKinney</u>, 311 F.3d at 1199-1200.5. Thus, plaintiff must challenge the 2018 reclassification, if at all, in a new civil rights action.

In addition, the proposed third amended complaint filed by plaintiff violated this court's September 19, 2018 order:

> Plaintiff is not granted leave to name new defendants or add new claims. In addition to defendant Revell, plaintiff's third amended complaint may name John Doe, an unknown individual with the SIU/Sacramento office, who allegedly wrongfully validated plaintiff as an Aryan Brotherhood gang member without notice or a hearing in violation of plaintiff's due process rights, and defendants Mitchell and Inch reviewed and approved the validation. Plaintiff is cautioned that he should include a brief recitation of his claim that he faces imminent danger, but he is not required to provide exhibits. The amended complaint should not exceed 10 pages.

(ECF No. 29 at 2.) Plaintiff was not granted leave to challenge the 2018 reclassification in this action, and his proposed third amended complaint was 20 pages, exceeding the page limit by 10 pages, and provided exhibits. Plaintiff is not required to file exhibits at the pleading stage. Finally, now that plaintiff is no longer validated as an AB gang member, plaintiff should not seek injunctive relief requesting that such gang affiliation be removed.

For all of the above reasons, plaintiff's motion to withdraw his voluntary dismissal is denied without prejudice. Plaintiff may renew his motion, accompanied by a proposed fourth amended complaint that complies with the September 19, 2018 order. But plaintiff should <u>only</u> include his due process challenge to the 2017 allegedly wrongful gang validation, and is provided

3

the standards governing such a due process challenge. Plaintiff is cautioned that failure to comply with this order and to file a proposed amended pleading that comports with the September 19, 2018 order will result in the denial of any renewed motion to reopen this action.

Governing Standards

The Fourteenth Amendment's due process clause encompasses both substantive and procedural protections. See Zinermon v. Burch, 494 U.S. 113, 125-28 (1990). As a substantive matter, due process requires that gang validations by prison officials be supported by "some evidence" that bears "some indicia of reliability." Castro v. Terhune, 712 F.3d 1304 n.4 (9th Cir. 2013) (citing Superintendent v. Hill, 472 U.S. 445, 455 (1985) and Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003)). The Ninth Circuit has explained that "[u]nder Hill, we do not examine the entire record, independently assess witness credibility, or reweigh the evidence; rather, 'the relevant question is whether there is any evidence in the record that could support the conclusion.'" Bruce, 351 F.3d at 1287. Procedural due process "requires that the prison officials provide the inmate with 'some notice of the charges against him and an opportunity to present [the inmate's] views to the prison official charged with deciding whether to transfer [the inmate] to administrative segregation" as well as notice of any adverse decision. Barnett v. Centoni, 31 F.3d 813 (9th Cir. 1994); see also Wilkinson v. Austin, 545 U.S. 209, 229 (2005).

The related assignment of a prisoner to segregated housing meets federal procedural due process standards if the prisoner has "'an opportunity to present his views' to the official 'charged with deciding whether to transfer him to administrative segregation.'" Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (Toussaint IV) (quoting Hewitt v. Helms, 459 U.S. 460, 476 (1983)). Prison officials must (1) hold an informal non-adversarial hearing within a reasonable time after the prisoner is initially segregated, (2) inform the prisoner of the reasons for segregation, and (3) allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) (Toussaint III). However, "the due process clause does not require detailed written notice of charges, representation by counsel or counsel-substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id. at 1100-01. Following a prisoner's initial placement in

4

administrative segregation, prison officials must periodically review the appropriateness of the confinement. Id. at 1101-02.

Motion for Telephonic Hearing

On May 6, 2019, plaintiff filed a motion for telephonic hearing. Plaintiff reiterates the claims alleged in his motion to reopen this action, and claims his "life is threatened daily." (ECF No. 43 at 2.) Plaintiff alleges that two inmates at Terre Haute are available to give testimony, and states that "staff here at Terre Haute have arrange to inmate murders here at Terre Haute and several beatings within last few months." (Id.) Such statement does not make clear whether he is claiming that two inmate murders have occurred or whether such arrangements have been made but not yet taken place, and he does not state that he has been a victim of one of the beatings. In any event, plaintiff fails to articulate facts supporting his conclusory statement that his life is in danger.

Importantly, at the present time, there is no operative pleading pending and this action remains closed. Thus, there is no need for a telephonic hearing in this action. Any allegations as to incidents that occurred in 2019 in Terre Haute, Indiana, are wholly unrelated to plaintiff's due process claim challenging his 2017 gang validation. Thus, even if the court grants plaintiff's renewed motion to reopen this action, his new allegations concerning his current conditions of confinement would not receive a hearing on the merits in this action.

Finally, as discussed above, this court does not have jurisdiction over conditions of confinement claims arising during plaintiff's incarceration at Terre Haute. Plaintiff must raise such challenges in the appropriate court in Indiana, after exhausting his administrative remedies.

For all of the above reasons, plaintiff's motion for a telephonic hearing is denied without prejudice to plaintiff pursuing his underlying claim concerning conditions of confinement in Terre Haute in an appropriate court in Indiana. Plaintiff is not granted leave to renew such motion in this court.

////

////

////

Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion (ECF No. 41) is denied without prejudice to its renewal accompanied by a proposed fourth amended complaint, as set forth above;

2. The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner; and

3. Plaintiff's motion for a telephonic hearing (ECF No. 43) is denied without prejudice.

Dated: May 8, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/stin0684.fb